Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3781 | **DATE** | 1/5/2001 |
| **CASE TITLE** | Younes v. WIT Capital Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's motion to dismiss amended complaint [14] is granted. Plaintiff's are given until 1/26/01 to file an amended complaint. Ruling date of 1/11/01 is stricken.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices: 2 | Document Number |
| X | Notices mailed by judge's staff. | | JAN 0 8 2001 date docketed | |
| | Notified counsel by telephone. | | | 24 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | 01 JAN -6 PM 4:20 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH YOUNES )
and ROSANNE T. YOUNES, )
 )
      Plaintiffs, )
 )
v. ) No. 00 C 3781
 )
WIT CAPITAL CORPORATION, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

This case was originally filed in the Circuit Court of Cook County as a class action. The five-count complaint claimed breach of contract, breach of fiduciary duty, unjust enrichment, fraud, and tortious conduct. Defendant, WIT Capital Corporation, removed to this court pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f) (1997).[1] Judge Lindberg, to whom this case was previously assigned, denied plaintiffs' motion to remand, finding that the "complaint alleges misrepresentations or omissions in connection with the purchase or sale of covered securities." (Minute order of July 31, 2000.) Plaintiffs responded (perhaps half-heartedly) by amending their complaint to plead a claim for violation of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j (1997), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (2000). Now, defendant moves to dismiss for failure to plead a claim for violation of § 10(b) and Rule 10b-5. For the reasons articulated below, the court grants defendant's motion with leave to replead.

---

[1] SLUSA permits removal of covered class actions alleging misrepresentation or omission of a material fact in connection with the sale of a covered security.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 101, 102 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

In addition to the mandates of Rule 12(b)(6), Federal Rule of Civil Procedure 9(b) requires "all averments of fraud" to be "stated with particularity," although "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." The Seventh Circuit has explained that "the rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).

## FACTS

The complaint alleges that plaintiffs are account holders with defendant, an online investment banking and brokerage firm advertising that it provides account holders with 24-hour online or touch-tone access to their accounts. On or about April 3, 2000, an employee in

2

defendant's margins department notified Mr. Younes that he was required to meet a margin call on his account by April 10, 2000 and his wife's account (plaintiff had power of attorney over his wife's account) by April 11, 2000. "Mr. Younes was advised that if these calls were not met, plaintiffs would be sold out of their positions of Irvine Sensors Corp. ("IRSN") which plaintiffs held in each account." (Compl. at ¶ 9.) Despite plaintiffs' understanding that their positions would be sold out by April 11, 2000, Mr. Younes determined on April 12, 2000 that their positions had not been sold out and a defendant customer care representative stated that "the sale had apparently slipped by defendant's margin department." (*Id.* at ¶ 11.) When Mr. Younes attempted to sell his and his wife's IRSN shares on April 12, 2000 at $6.25 per share, defendant's online server was down and defendant's touch tone phone system was persistently busy. Mr. Younes also attempted to sell the shares through one of defendant's live brokers, but the stock price fell as he remained on hold and created the current margin call on plaintiffs' accounts. At the time plaintiff's complaint was filed, the accounts had a total unsecured debit balance of $10,081.91. The complaint further alleges that numerous other individuals have been similarly affected and that all of the complaint's allegations amount to violation of § 10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934.

## DISCUSSION

Section 10(b) of the Securities and Exchange Act of 1934 states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security . . . [,] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

3

15 U.S.C. § 78j (1997). Rule 10b-5 deems it "unlawful for any person, directly or indirectly, . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5 (2000). A plaintiff claiming a violation of Rule 10b-5 "must establish that: (1) the defendant made a false statement or omission (2) of material fact (3) with scienter (4) in connection with the purchase or sale of securities (5) upon which the plaintiff justifiably relied (6) and that the false statement proximately caused the plaintiff's damages." *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). In addition, although Federal Rule of Civil Procedure 9(b) does not proscribe the general averment of a state of mind, § 10(b) actions require plaintiffs to allege a defendant's scienter with particularity. *See* 15 U.S.C. § 78u-4(b)(2) (requiring securities fraud complaints "with respect to each act or omission alleged to violate this chapter, [to] state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"); *Law v. Medico Research, Inc.*, 113 F.3d 781, 785 (7th Cir. 1997) (requirements for pleading fraud with particularity "stiffened for securities fraud cases" under 15 U.S.C. § 78u-4(b)(2)). The Supreme Court has defined scienter as "the mental state embracing intent to deceive, manipulate, or defraud," *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12, 96 S. Ct. 1375, 1381, 47 L. Ed. 2d 668 (1976), and "reckless disregard of the truth counts as intent for [Rule 10b-5 scienter] purpose[s]." *S.E.C. v. Jakubowski*, 150 F.3d 675, 681 (7th Cir. 1998); *Chu v. Sabratek Corp.*, 100 F. Supp. 2d 815, 822 (N.D. Ill. 2000) (same).

Defendant argues that the complaint does not even satisfy Federal Rule of Civil Procedure 9(b). The complaint's fraud allegations boil down to the assertion that defendant

misled plaintiffs and others into believing that defendant offered 24-hour account access to its customers when it knew that this type of access was not possible and that plaintiffs and others justifiably relied to their detriment on this misrepresentation. Aside from plaintiffs' wholly conclusional allegations of fraud, the paragraphs in the complaint pertaining to the alleged misrepresentation that contain even a shred of specificity are as follows:

> 5. Wit Capital advertises on its website that it provides account holders 24-hour online brokerage services at discount rates and touch-tone phone service as options for placing orders for stocks, bonds and mutual funds. The website states that these services provide account holders with 24-hour online or touch-tone phone access to their accounts (Exhibit A).
>
> * * *
>
> 23. Wit Capital markets its business on the Internet stating that its "mission is to create a community of sophisticated investors . . ." and that its "Members will have unprecedented access to investment opportunities and services . . . [.]" Wit Capital also states that its "Members will also have access to a fully integrated trading system at deep discount rates . . . [.]" (Exhibit C).

The complaint's exhibit A appears to be a copy of an opening Internet page from defendant's brokerage service's website, and exhibit C appears to be a copy of an Internet page from a site entitled "Wall Street Directory" and indicates that the material is copyrighted and owned by Wall Street Directory, Inc.

Plaintiffs' allegations fail to adequately state "the who, what, when, where, and how" required by Federal Rule of Civil Procedure 9(b). *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The complaint is devoid of specific dates the alleged misrepresentations were communicated. Indeed, plaintiffs fail to allege having ever seen the defendant's website and exhibit A indicates that plaintiffs printed the attached page on April 29, 2000, 26 days after plaintiffs were allegedly unable to access their accounts. In addition, although exhibit A notes a copyright symbol bearing the dates 1997-2000, the complaint alleges that defendant was founded

5

in 1996 and gives no indication as to when plaintiffs became account holders. Further, there are no allegations that defendant is in any way connected to the Wall Street Directory, which similarly notes a printing date of April 29, 2000, and, therefore, no allegation that defendant made the statements contained in exhibit C. Hence, plaintiffs have failed to satisfy Rule 9(b)'s pleading requirements.

## CONCLUSION

For the above-stated reasons, the court grants defendant's motion to dismiss. Plaintiffs are given until January 26, 2001, to file an amended complaint. The court recognizes that plaintiffs are in this court only as a result of removal and do not genuinely believe they have a claim "in connection with the sale of a covered security" as required by SLUSA. At the same time, this court has already ruled to the contrary and is, therefore, not inclined on its own motion, as plaintiffs suggest, to remand to the state court what is now a single-count claim for federal securities fraud. In the event plaintiffs should file a motion to reconsider the July 31, 2000, ruling and should the motion be found to have merit, this court might then consider a motion to reinstate the removed state court complaint so that it may be remanded to the Circuit Court of Cook County. The ruling date of January 11, 2001 is stricken.

Date: January 5, 2001        Enter: _____
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge